**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARC ROTENBERG,<br><br>       Plaintiff,<br><br>v.<br><br>POLITICO LLC, et al.,<br><br>       Defendants. | Case No. 1:21-cv-903-TSC |

**MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants

POLITICO LLC and Protocol Media, LLC, by and through undersigned counsel, hereby move to

dismiss Plaintiff Marc Rotenberg's Amended Complaint in this matter for lack of subject-matter

jurisdiction.  In support of their Motion to Dismiss, Defendants respectfully state as follows:

**BRIEF BACKGROUND AND PROCEDURAL HISTORY**

On April 2, 2021, Plaintiff Marc Rotenberg filed his original Complaint in this action.

*See* Dkt. 1.  The initial pleading named four defendants: POLITICO LLC ("Politico"), Protocol

Media, LLC ("Protocol"), Politico's and Protocol's Publisher Robert Allbritton, and Protocol's

Executive Editor Tim Grieve.  *See id.* ¶¶ 5-8.  Plaintiff asserted claims for defamation (Counts I

and II), false light invasion of privacy (Count III), public disclosure of private facts (Count IV),

and unjust enrichment (Count V), and he argued that "[t]his Court has jurisdiction over the

subject matter of this complaint pursuant to 28 U.S.C. § 1332, as the parties to this matter at [sic]

citizens of different states, and the amount in controversy exceeds $75,000."  *Id.* ¶ 1.

On April 29, 2021, this Court issued a Minute Order, *sua sponte*, stating that "the venue,

jurisdiction and parties sections of the Complaint do not set forth the facts necessary to establish

that this court has jurisdiction pursuant to 29 U.S.C. Section 1332." *See* Minute Order of Apr. 29, 2021.  The Court noted, in particular, that "Plaintiff has not alleged the states where the individual defendants are citizens.  Additionally, Defendant has not alleged where Politico LLC has its principal place[] of business, nor where Protocol Media, LLC is incorporated or has its principal place of business." *Id.*  The Court directed Plaintiff to "file an Amended Complaint that contains the facts necessary for this court to establish jurisdiction" by May 5, 2021.  *Id.*

On May 5, 2021, Plaintiff voluntarily dismissed Mr. Allbritton and Mr. Grieve from this action.  *See* Dkt. 9 at 1.  That same day, Plaintiff filed an Amended Complaint against Politico and Protocol, including the same five claims as in the original Complaint and asserting again that "[t]his Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332, as the parties to this matter at [sic] citizens of different states, and the amount in controversy exceeds $75,000." *See* Dkt. 10 ¶ 1.

Politico and Protocol waived service in this matter pursuant to Rule 4(d).  *See* Dkt. 3, 4. Pursuant to Rule 12(b)(1), they now timely move to dismiss the Amended Complaint for lack of subject-matter jurisdiction.

## ARGUMENT

"Federal courts are courts of limited jurisdiction and, as such, a district court 'may not exercise jurisdiction absent a statutory basis.'" *Lunbing Chen v. Rodriguez*, 200 F. Supp. 3d 174, 179 (D.D.C. 2016) (Chutkan, J.) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "Limits on subject-matter jurisdiction keep the federal courts within the bounds the Constitution and Congress have prescribed, and those limits must be policed by the courts on their own initiative." *Id.* (quoting *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007)). Indeed, "the law presumes that 'a cause lies outside the court's limited jurisdiction unless the

party asserting jurisdiction establishes otherwise." *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alteration and internal marks omitted).  "Thus, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Id.*

Plaintiff cannot carry that burden here.  The Amended Complaint invokes federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." *See* Am. Compl. ¶ 1.  While Plaintiff seeks sufficient damages to satisfy the amount-in-controversy requirement, he fails to establish complete diversity among the parties to this case.

"For purposes of diversity jurisdiction, a person is a 'citizen of the State' in which he is domiciled."  *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (citing *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)).  Here, Plaintiff alleges that he "is a resident of Washington, DC," s*ee* Am. Compl. ¶ 4, and it is well-settled that "residency is indicative of domicile," even though "it is not determinative," *Core VCT Plc*, 59 F. Supp. 3d at 125 (citing *Naegele v. Albers*, 355 F. Supp. 2d 129, 134-35 (D.D.C. 2005)).

A limited liability company, however, has the citizenship of all of its members.  *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *CostCommand, LLC*, 820 F.3d at 21 ("Unincorporated associations, including LLCs, have the citizenship of each of their members."). Here, as set out in the attached First Declaration of Chao Liu, Politico is a limited liability company, and its members – now and at the time the Amended Complaint was filed – are citizens of Delaware, the District of Columbia, Maryland, Texas, and Virginia.  *See* First

Declaration of Chao Liu ¶¶ 1-3.[1]  Likewise, as set out in the attached Second Declaration of Chao Liu, Protocol is a limited liability company, and its members are citizens of those same five jurisdictions.  *See* Second Declaration of Chao Liu ¶¶ 1-3.

For diversity jurisdiction purposes, therefore, Plaintiff is presumably a citizen of the District of Columbia, and Politico and Protocol are citizens of Delaware, the District of Columbia, Maryland, Texas, and Virginia.  Because Plaintiff and Defendants are each citizens of the District of Columbia, complete diversity does not exist among the parties.  *See, e.g.*, *CostCommand, LLC*, 820 F.3d at 21 ("For diversity jurisdiction to exist, no plaintiff may share state citizenship with any defendant.").  As a result, pursuant to the Federal Rules this Court "must dismiss" this action for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case for lack of subject-matter jurisdiction and grant such further relief as is just and proper.

Dated:  June 7, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Chad R. Bowman*
Chad R. Bowman (D.C. Bar No. 484150)
Maxwell S. Mishkin (D.C. Bar No. 1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Defendants*

---

[1] "[I]n deciding whether to grant a motion to dismiss for lack of jurisdiction" under Rule 12(b)(1), "the district court may consider materials outside the pleadings" such as declarations and their exhibits. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).