**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARC ROTENBERG,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cv-00903-TSC** |
| | ) | |
| **POLITICO LLC, and** | ) | **Hon. Judge Tanya S. Chutkan** |
| **PROTOCOL MEDIA, LLC,** | ) | |
| | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND CROSS MOTION FOR LEAVE TO TAKE JURISDISCTIONAL DISCOVERY

On April 2, 2021, Plaintiff Marc Rotenberg filed a Complaint in this Court arising from false and defamatory statements published by The Protocol and Politico. In the complaint, Plaintiff asserted claims for defamation (Counts I and II), false light invasion of privacy (Count III), public disclosure of private facts (Count IV), and unjust enrichment (Count V). Plaintiff sought three million dollars in damages, and asked this Court to assign the damage award primarily to the U.S. Chess Center and ChessGirlsDC, to support scholastic chess in Washington, D.C.

In the Complaint, the Plaintiff named four defendants: POLITICO LLC ("Politico"), Protocol Media LLC ("Protocol"), Politico's publisher Robert Allbritton, and Protocol's Executive Editor Tim Grieve. Plaintiff stated that "this Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332, as the parties to this matter at [sic] citizens of different states, and the amount in controversy exceeds $75,000."

On April 29, 2021, this Court issued a Minute Order, stating in full:

Plaintiff brings this diversity action against two corporate entities and two individuals. However, the venue, jurisdiction and parties sections of the Complaint do not set forth the facts necessary to establish that this court has jurisdiction

1

> pursuant to 29 U.S.C. Section 1332. Plaintiff has not alleged the states where the
> individual defendants are citizens. Additionally, Plaintiff has not alleged where
> Politico LLC has its principal places of business, nor where Protocol Media, LLC
> is incorporated or has its principal place of business. Accordingly, by May 5, 2021
> Plaintiff shall file an Amended Complaint that contains the facts necessary for this
> court to establish jurisdiction.

Accordingly, on May 5, 2021, Plaintiff filed with this Court an Amended Complaint. In the

Amended Complaint, Plaintiff restated the five claims as they appeared in the original Complaint.

Plaintiff further provided, as this Court instructed, information regarding the principal place of

business and state of incorporation for Politico and Protocol. Regarding Politico, Plaintiff stated,

"POLITICO LLC ('Politico') is a Delaware corporation with its principal place of business in

Arlington County, Virginia." (Dkt. 10 ¶ 5.) Regarding Protocol, Plaintiff stated, "Protocol Media,

LLC ('The Protocol' or 'Protocol') is a Delaware corporation with its principal place of business

in Arlington County, Virginia." (Dkt. 10 ¶ 5.) Plaintiff also noted that the Protocol has offices in

the same building as Politico, at 1000 Wilson Blvd. in Rosslyn, Virginia.

In the Amended Complaint, Plaintiff chose to dismiss claims against Mr. Albritton and Mr.

Grieve as there was reason to believe that they were in fact D.C. residents and that Plaintiff's

identical claims would go forward against Politico and Protocol. Plaintiff did not concede diversity

claims against these individuals. Mr. Albritton appears to currently own properties in Virginia,

Florida, and Texas. In recent years, Mr. Grieve has lived at multiple addresses in California, and

The Protocol, of which he is Editor in Chief, is focused on Silicon Valley.

Plaintiff asserted that "this Court has jurisdiction over the subject matter of this complaint

pursuant to 28 U.S.C. § 1332, as the parties to this matter at [sic] citizens of different states, and

the amount in controversy exceeds $75,000." Dkt. 10 ¶1.

On June 4, 2021, Defendants filed a Motion to Dismiss for Lack of Subject Matter

Jurisdiction and Memorandum of Points and Authorities in Support Thereof. (Dkt. 12. ("Motion

to Dismiss" or "Mot.").) Defendants moved for dismissal of the Amended Complaint for lack of subject matter jurisdiction, contending that the Plaintiff "fails to establish complete diversity among the parties to this case." (*Id.* at 3.)

Defendants also filed two Declarations of Chao Liu, the Chief Financial of Politico. (Dkt. Nos. 12-1, 12-2.) The First Declaration concerned the members of Politico. The Second Declaration concerned the members of Protocol. The Declarations stated that the "sole member" of the named Defendants Politico and Protocol is Allbritton LLC, "a limited liability company organized under the laws of Delaware with its principal place of business in Arlington, Virginia." (*Id.* at 12-1 ¶1, 12-2 ¶1.)

## ARGUMENT

Section 1332(a) of Title 28 states that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) Citizens of different States . . ." There is no dispute that the amount in controversy exceeds the value of $75,000. The only issue in dispute is whether the matter before the Court involves Citizens of different States. As the affidavits provided by Defendants make clear that the sole member of both Politico and Protocol is Allbritton LLC, itself incorporated in Delaware with its principal place of business in Arlington, Virginia, complete diversity of citizenship is established as to the named Defendants.

In the Motion to Dismiss, Defendant notes that this Court previously addressed the jurisdiction of federal courts in *Chen v. Rodriguez,* 200 F. Supp 3d 174 (D.D.C. 2016) (Chutkan, J.). But as with the April 29, 2021 Minute Order, Defendant provides only a partial excerpt of this Court's prior ruling. Defendant correctly observed that this Court previously stated: "Federal courts are courts of limited jurisdiction and, as such, a district court 'may not exercise jurisdiction

absent a statutory basis.'" *Chen, 200 F.Supp.* at 179 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "Limits on subject-matter jurisdiction keep the federal courts within the bounds the Constitution and the Congress have prescribed and those limited must be policed by the courts on their own initiative. *Id.* (quoting *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007).

However, Defendant failed to note that in the same paragraph this Court also wrote, "Such limits are especially important in the agency review context, where 'Congress is free to choose the court in which judicial review of agency decisions may occur.'" *Id.* (quoting *API v. SEC*, 714 F.3d 1329, 1332 (D.C. Cir. 2013 and *Watts*, 482 F.3d at 505).

*Chen* concerned an administrative action against the Department of Homeland Security ("DHS"), and the United States Citizenship and Immigration Services ("USCIS"), a component of DHS. *Id.* at 175. *Watts v. SEC*, upon which *Chen* relied, concerned an administrative action against the Security and Exchange Commission. 482. F.3d at 503. Both cases concerned the "agency review context." *Chen,* 200 F. Supp 3d at 179. Both cases concerned the exclusive jurisdiction of federal appellate courts, as established by Congress. *See* 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.") Moreover, this Court ultimately concluded in *Chen* that Plaintiffs had conceded the jurisdiction claim. 200 F. Supp 3d at 180 ("Because Plaintiff does not address the question of whether this court has subject matter jurisdiction over this litigation, the court will treat Defendants' subject matter jurisdiction argument as conceded.") (citing *Wannall v. Honeywell, Inc.,* 775 F.3d 425, (D.C. Cir. 2014)).

The matter currently before this Court is entirely unrelated to agency review, nor does Plaintiff seek to be in federal district court in lieu of federal appellate court. And plaintiff does not concede the jurisdiction claim.

In their Motion to Dismiss, the Defendants rely primarily on *Cost Command LLC v WH Administrators*, 820 F.3d 19, 21 (D.C. Cir. 2016) for the proposition that "[a] limited liability company, however has the citizenship of all its members." (Mot. at 3.) However, *Cost Command* concerned the citizenship of a corporation, not an LLC. As the D.C. Circuit explained, [t]he central issue in this case—[is] whether WHA's [the corporate defendants] principal place of business lay within Texas or Maryland." *Id.* at 21. The specific reference in *Cost Command* regarding LLC citizenship, excerpted by Defendants above but lacking the citation, was to *Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 381-82 (2016). *Americold Realty Trust* was also not about an LLC but a "real estate investment trust." *Id.* at 382.

However, *Cost Command* is notable for other reasons. In that opinion, Judge Tatel applied the "nerve center" test that the Supreme Court set out in *Hertz Corp. v. Friend,* 559 U.S. 77 (2010), "to determine the location of a corporation's 'principal place of business,' and thus its citizenship for diversity jurisdiction purposes." *Cost Command*, 820 F.3d at 20-21. Judge Tatel further explained "'Under *Hertz*, a corporation's principal place of business is its 'nerve center,' i.e., 'the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.'" *Id.* at 21 (quoting *Hertz*, 559 U.S. at 80-81). Regarding the LLC party (Cost Command) itself, Judge Tatel determined that it "was a citizen of Maryland because it was an LLC whose sole member, Vance, was a citizen of Maryland." *Id*.

To resolve the citizenship of the LLC in *Cost Command,* it was necessary only to consider only the membership of the named party. According to the two declarations of Chao Liu filed by

Defendants in this case, "Allbritton LLC was the sole member of POLITCO LLC" and "Allbritton LLC was the sole member of Protocol Media LLC." Allbritton LLC itself "is a limited liability company organized under the laws of Delaware with its principal place of business in Arlington, Virginia." (Dkts. 12-1, 12-1.)

Defendants will no doubt make a Russian nesting dolls argument–that even though Politico and Protocol are incorporated in the State of Delaware and have Arlington, Virginia as their principal place of business and even though Allbritton LLC, the sole member of the two Defendants, is incorporated in Delaware and has Arlington, Virginia as its principal place of business, the diversity of citizenship–deep in the strata of these two business entities–defeats federal diversity jurisdiction. But that is hardly settled as a matter of caselaw.

The precise holding set out by the Supreme Court in *Carden v. Arkoma Assocs,* 494 U.S. 185, 195 (1990), upon which Defendant relies, is "In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." In *Carden*, the Supreme Court found that one of the partners of respondent Arkoma Associates, a limited partnership organized under the laws of Arizona, was a citizen of Louisiana, as were the petitioners. *Id.* at 186. As a consequence, the Supreme Court determined that complete diversity was lacking. *Id.* at 197-98.

Again, it was necessary in *Carden* for the Supreme Court to consider only the membership of the named party. There was no digging into sub-layers. The sole member of the entity Politico is Allbritton LLC. The sole member of the entity the Protocol is Allbritton LLC. Plaintiff is a Washington, D.C. resident. Allbritton LLC is incorporated in Delaware with its principal place of business in Arlington, Virginia. Complete diversity in this case is established under the Supreme Court's rule in *Carden*.

Moreover, *Carden* concerned partnerships and not LLCs, as Judge Cooper observed in *LaRoach v. Bridgepoint Healthcare,* LLC, 2018 U.S. Dist. LEXIS 206541 at 1 (D.D.C. 2018). Judge Cooper's 2018 decision in *LaRoach* noted that the District of Columbia addressed federal diversity specifically for LLCs in *Shulman v. Voyou*, LLC, 305 F. Supp. 2d. 36 (D.D.C. 2004). In *Shulman*, the plaintiffs were residents of the District of Columbia. *Id.* at 38. The defendant was an LLC organized under the laws of the Commonwealth of Virginia. *Id.* However, the company's two members were residents of the District of Columbia. *Id.* at 38. The Court concluded, "[c]onsidering that the plaintiffs themselves reside in this district, the court concludes that diversity does not exist because the parties to this action share the same citizenship." *Id.* at 40. Diversity was determined simply by examining the members of the named defendant LLC, without the archeological expedition that Defendants urge here.

Returning to the D.C. Circuit opinion in *Cost Command*, Judge Tatel explained:

[i]n *Hertz*, the Supreme Court gave clear guidance for determining the location of a corporation's principal place of business. The Court described its approach as follows:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Cost Command*, 820 F.3d at 23 (quoting *Hertz*, 559 U.S. at 92-93). Politico, The Protocol, and Allbritton all list Suite 2700 at 1000 Wilson Blvd., Arlington, Virginia as their company headquarters.[1]

---

[1] Virginia, State Corporation Commission, POLITICO LLC (Principal Office Address: "1000 Wilson Blvd Ste 2700, Arlington, VA, 22209 - 3921, USA"), *available at*

One district court has considered whether *Hertz* applies to limited liability companies and concluded that it does not. *Krapes v. Equus Kan. Realty,* L.L.C., 2012 U.S. Dist. LEXIS 74233 (D. Kan. 2012) But that court did observe "the 'nerve center' test does not appear to be designed for a business that operates in one state and is passively controlled in another by officers who are virtually uninvolved in the business operations." *Id.* at 8. Assuming the accuracy of that assessment, the corollary should also be true: the nerve center test is designed for a business that operates in one state and is actively controlled in another by officers who are directly involved in the business operations. And that is the situation this Court confronts with Politico and Protocol.

Politico, Protocol, and Allbritton are all incorporated in Delaware and co-located in Arlington, Virginia. They operate precisely as a "nerve center," described by the Supreme Court in *Hertz,* as recounted by Judge Tatel in *CostCommand*. Complete diversity is fully established as to the Defendants, based upon the fact that Allbritton LLC, a Delaware business with its principal place of business in Arlington, Virginia, is the sole member of both Defendants named in this lawsuit.

In *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3rd Cir. 2015), Judge Ambro, joined by Judge Fuentes and Judge Roth, addressed the issue this Court now confronts. Writing in concurrence, Judge Ambro stated:

---

https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=T0452013; Protocol, Terms of Service ("Effective Date: January 27, 2020") ("To contact us with general questions, including to report any violations of these Terms, please use the following information: 1000 Wilson Boulevard, Suite 2700, Arlington, VA 22209, Attn Legal."), *available at* https://www.protocol.com/st/terms_of_service; Virginia, State Corporation Commission, Allbritton LLC (Principal Office Address: "1000 Wilson Blvd Ste 2700, Arlington, VA, 22209 - 3921, USA"), *available at* https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=11043665. Perpetual Capital Partners, Mr. Allbritton's investment firm, also lists Suite 2700 as its headquarters. Perpetual Capital Partners, Contact Us ("For Investment Inquiries: Perpetual Capital Partners, 1000 Wilson Blvd, Suite 2700, Arlington, VA 22209"), *available at* https://www.perpetualcapitalpartners.com/contact/.

There is no good reason to treat LLCs differently from corporations for diversity-of-citizenship purposes. A corporation is an entity that exists in law for the benefit of its owners—shareholders. Principal features of corporations include limited liability, access to equity markets, and the directors' fiduciary obligations of care and loyalty to stockholders.

An LLC—an entity owned by members often referred to as unitholders—is in most respects similar to a corporation. Among the primary differences are that there are far fewer statutory default rules for LLCs (for example, "[t]he Delaware statute does not provide any manager or member standards of conduct [with respect to fiduciary duties] and instead defers to the operating agreement," Wayne M. Gazur, The Limited Liability Company Experiment: Unlimited Flexibility, Uncertain Role, 58 L. & Contemp. Probs. 135, 151 (1995)), and an LLC can elect to be taxed as a partnership or a corporation.

What do these differences have to do with diversity of citizenship? Nothing. The kinds of business activities that can be carried on by LLCs are identical to those in which corporations may engage. 6 Del. Code § 18-106. And by picking corporate-style default rules in a membership agreement, an LLC could function in exactly the same way as a corporation for all purposes except diversity of citizenship.

Just as treating LLCs as citizens of every state of which its members are citizens defies logic, it also takes the wrong lesson from our experience of assigning citizenship to business organizations. . . .

*Lincoln Benefit*, 800 F.3d at 111.

Judge Ambro traces the history of the citizenship of limited liability companies (LLCs) back to the Supreme Court's opinion in *Puerto Rico v. Russell & Co*., 288 U.S. 476, 480, (1933) and urges the courts to "craft a workable law of business citizenship" based on that original precedent. *Id.* He explains that "it is impractical to require investigation into the citizenship of every member of any LLC." *Lincoln Benefit*, 800 F.3d at 111. He provides the example of Linn Energy, LLC: "Linn is traded on the NASDAQ exchange, has  a market capitalization of $902 million, and has 355.2 million outstanding units. Approximately 240 institutional unitholders combine to own a mere 10% of the company."  *Id.* at 112. Judge Ambro asks "Would it not make more sense simply to ask where Linn was formed (Delaware) and where its principal place of business is located (Texas)? *Id.*

"The law of citizenship for unincorporated associations receives frequent criticism. . . . the criticism is apt: there is no reason to treat LLCs differently from corporations merely because their organic statutes have some distinctions and they are subject to different tax regimes," wrote Judge Ambro. *Id.* at 113.

Justice O'Connor also believed that limited liability companies should be treated like corporations for the purpose of diversity jurisdiction. Writing for a four-member dissent in *Carden*, Justice O'Connor urged the Court to maintain the well-established rule that a modern, limited partnership is a juridical person. Justice O'Connor pointed to the Court's precedent established in *Russell*, as did Judge Ambro, stating

> In any event, the Court's attempts to distinguish *Russell* are seriously flawed. In *Russell*, the Court examined the Puerto Rican *sociedad en comandita*, which is the civil law version of the modern limited partnership. The Court delineated a series of factors and concluded that, under civil law, the sociedad was a "juridical person." Id., at 481. Ironically, the Court in this case endorses the holding of *Russell*, despite the fact that virtually all of the factors listed are equally applicable to the modern limited partnership.

*Carden v. Arkoma Associates,* 494 U.S. 185, 208 (1990) (O'Connor, J., dissenting). Justice O'Connor identified the central inconsistency in the 5-4 majority in *Carden*: "endorsing treatment of a Puerto Rican business association as an entity while refusing to treat as an entity its virtually identical stateside counterpart, is justified neither by our precedents nor by historical and commercial realities." *Id.* at 210.

In a recent opinion for the District Court for the District of Columbia, Judge Nichols expressed similar concerns about the diversity analysis for LLCs. *C.F. Folks, Ltd. v. MCP II Jefferson, LLC*, 2019 U.S. Dist. LEXIS 206872 (D.D.C. 2019). In words reminiscent of Judge Ambro's discussion of Linn Energy, LLC, *supra*, Judge Nichols wrote, "The Court therefore faces a situation in which, to determine whether diversity exists between a tenant and its landlord at odds

over the use of a restroom, it must investigate the membership of more than a half dozen layers of unincorporated associations and their members, partners, trustees, and shareholders." *Id.* at 7. "As this case demonstrates," Judge Nichols continued, "there may be good reasons to modify how unincorporated associations are treated for diversity purposes." *C.F. Folks, Ltd.,* 2019 U.S. Dist. LEXIS at 8. (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111-13 (3d Cir. 2015) (Ambro, J., concurring)). Judge Nichols concluded that "[u]ntil either Congress or the Supreme Court modifies the rule [in *Carden*], this Court is bound to apply it faithfully." *Id*. But the only way for the Supreme Court to modify the rule is for a lower court to draw attention to the increasing impracticality and unfairness of business structures that provide the benefits of a corporation but evade judicial review in federal courts even with Defendants that clearly satisfy the Supreme Court's *Hertz* "nerve center" test.

In the matter before this Court, Allbritton LLC, incorporated in Delaware, is the sole member of the named Defendants Politico and Protocol. All three businesses are co-located in Arlington, Virginia. The Virginia address is the "nerve center" for these entities, as described by the Supreme Court in *Hertz* and Judge Tatel in *CostCommand*. Plaintiff is a resident of Washington, D.C. This should be sufficient to establish diversity of jurisdiction. 28 U.S.C. § 1332(a).

**IN THE ALTERNATIVE, PLAINTIFF REQUESTS JURISDICTIONAL DISCOVERY**

If the Court nonetheless considers granting Defendants' Motion to Dismiss, Plaintiff respectfully asks the Court to first provide the opportunity for Plaintiff to conduct jurisdictional discovery. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1352 (D.C. Cir. 2000) (reversing dismissal to allow for jurisdictional discovery even where court could not "tell whether jurisdictional discovery will assist" plaintiff); *Diamond Chem. Co. v. Atofina Chemicals*, Inc., 268 F. Supp. 2d 1, 15 (D.D.C. 2003) (stating that "[t]his Circuit's standard for permitting

jurisdictional discovery is quite liberal"); *see also Lincoln Benefit*, 800 F.3d at 110-11 (reversing dismissal for jurisdictional discovery into LLC membership).

Defendants' affidavits reveal significant changes in the composition of Allbritton LLC during the pendency of this litigation. (*See* Dkts. 12-1, 12-2.)  For reasons currently unknown to Plaintiff, the three top executives of Protocol, a named Defendant in this matter, were added to Allbritton LLC after the filing of Plaintiff's original Complaint. The revised list of members of Allbritton LLC now includes: Tim Grieve (the Executive Editor of Protocol), Bennett Richardson (the Vice President and General Manager of Protocol), and Tammy Wincup (the President of Protocol). (*See id.*)  These were the only changes made to the membership of Allbritton LLC, according to the Affidavits provided by the Defendants.

Plaintiff has also learned that Allbritton LLC was newly formed on April 7, 2020,[2] within days of when Protocol Executive Editor Tim Grieve fired almost half of the editorial staff of The Protocol. (*See* Amended Compl., ¶¶ 31-38, 286.) As alleged in the Complaint, it was Grieve's actions during this time that led to The Protocol and Politico's decision to publish maliciously false and defamatory statements about the Plaintiff. (*E.g.*, *id.* ¶¶ 40, 49, 69.)

In light of the facts that (1) the leadership of Protocol were added as members of Allbritton LLC, after the initiation of this case, and (2) Allbritton LLC was formed at the time of the events that gave rise to this litigation, Plaintiff seeks jurisdictional discovery to determine whether the timing of the addition of these members and the incorporation of Allbritton LLC was intended to frustrate jurisdiction in this matter. Plaintiff also seeks jurisdictional discovery to verify the information regarding citizenship in the declarations accompanying the Motion to Dismiss.

---

[2] Virginia, State Corporation Commission, Allbritton LLC (Principal Office Address: "1000 Wilson Blvd Ste 2700, Arlington, VA, 22209 - 3921, USA"), *available at* https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=11043665

**CONCLUSION**

On May 29, 2021, this Court instructed Plaintiff to file an Amended Complaint to make clear the state of incorporation and the principal place of business for defendants Politico and Protocol for the purpose of establishing the Court's jurisdiction. Plaintiff has done so and respectfully asks this Court to deny the Motion to Dismiss. In the alternative, Plaintiff respectfully requests that the Court permit limited jurisdictional discovery.

Dated: June 21, 2021

Respectfully submitted,

IFRAH PLLC

By: */s/ Jeff Ifrah*
A. Jeff Ifrah (D.C. Bar No. 456661)
E-mail: jeff@ifrahlaw.com
1717 Pennsylvania Ave., NW, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141

*Attorney for Plaintiff Marc Rotenberg*