IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC ROTENBERG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>POLITICO LLC, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-903-TSC |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

Defendants POLITICO LLC and Protocol Media, LLC, by and through undersigned counsel, respectfully submit this combined Reply Memorandum in Further Support of their Motion to Dismiss Plaintiff Marc Rotenberg's Amended Complaint for Lack of Jurisdiction and Opposition to Plaintiff's Cross-Motion for Leave to Take Jurisdictional Discovery. Plaintiff mischaracterizes as "hardly settled" the rule that, for diversity jurisdiction purposes, an LLC is a citizen of all the states where its members are citizens, even though <u>every single case that Plaintiff cites</u> also follows it. Applying that straightforward principle here, as the controlling case law requires, Defendants are citizens of the District of Columbia, which defeats diversity and leaves this Court without subject-matter jurisdiction. Moreover, Plaintiff lacks any good faith basis to seek jurisdictional discovery, and the Court should deny his request accordingly.

**I.　　The Court Should Grant Defendants' Motion To Dismiss.**

Plaintiff errs in suggesting there is any doubt that, for purposes of diversity jurisdiction, an LLC is a citizen of all the states where its members are citizens. In fact, <u>all of the cases</u> that Plaintiff cites on the issue apply that straightforward rule, as they must, given the Supreme

Court's clear instruction in *Carden v. Arkoma Associates* that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'"  494 U.S. 185, 195-96 (1990) (citation omitted); *see also CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) ("When CostCommand filed its complaint, it was a citizen of Maryland because it was an LLC whose sole member, Vance, was a citizen of Maryland"); *C.F. Folks, Ltd. v. MCP II Jefferson, LLC*, 2019 U.S. Dist. LEXIS 206872, at *9 (D.D.C. Dec. 2, 2019) ("[T]he Supreme Court considered whether LLCs should be treated like corporations for diversity purposes, and expressly left that question 'to the people's elected representatives.'  Until either Congress or the Supreme Court modifies the rule, this Court is bound to apply it faithfully." (citation omitted)); *LaRoach v. Bridgepoint Healthcare, LLC*, 2018 U.S. Dist. LEXIS 206541, at *7-8 (D.D.C. Dec. 7, 2018) ("It may seem an odd exercise to dig this deeply to determine diversity jurisdiction, but that is what is required when an LLC or partnership or trust is party to a suit.  The problem only deepens where, as here, an LLC's 'members' are still more LLCs, partnerships, and trusts.  But the difficulty must be confronted, and better sooner than later.  Failing to check jurisdiction could have allowed this suit to progress well beyond a final judgment and into the court of appeals before recognizing the fatal flaw, wasting the clients' money and everyone's time.  And though here the Court raised the jurisdictional concern itself, it feels constrained to remind the lawyers here—and everywhere—that they have a duty to do so themselves."); *Krapes v. Equus Kan. Realty, L.L.C.*, 2012 U.S. Dist. LEXIS 74233, at *7 (D. Kan. May 30, 2012) ("The Tenth Circuit has long held that for entities other than corporations, diversity jurisdiction depends on the citizenship of each of the entity's members."); *Shulman v. Voyou, LLC*, 305 F. Supp. 2d 36, 40 (D.D.C. 2004) ("[T]he court views the defendant as a citizen of the jurisdiction of its

members.  There can be no doubt that the defendant is a citizen of the District of Columbia because both of its members reside here.").

Plaintiff is free to share the criticisms of this rule that Justice O'Connor stated in her dissenting opinion in *Carden* and that Judge Ambro and his colleagues voiced in the concurring opinion in *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3rd Cir. 2015).  It also is Plaintiff's prerogative to raise the issue in this Court to preserve it for appeal.  But Plaintiff errs in mischaracterizing the rule as "hardly settled" and in urging this Court simply to disregard it.

The declarations attached to Defendants' Motion to Dismiss establish that Defendants are citizens of the District of Columbia because their sole member, Allbritton LLC, has multiple members who are citizens of the District of Columbia.  *See* Mot. at 3-4 (citing First Decl. of Chao Liu, Dkt. 12-1 (as to POLITICO LLC); Second Decl. of Chao Liu, Dkt. 12-2 (as to Protocol Media, LLC).  Moreover, Plaintiff concedes that he, too, is a citizen of the District of Columbia.  *See* Pl.'s Opp. to Def.'s Mot. to Dismiss & Cross Mot. for Leave to Take Jurisdictional Discovery ("Opp.") at 11, Dkt. 13.  Because Plaintiff and Defendants are each citizens of the District of Columbia, complete diversity does not exist among the parties.  *See, e.g.*, *CostCommand*, 820 F.3d at 21 ("For diversity jurisdiction to exist, no plaintiff may share state citizenship with any defendant.").  Therefore, this Court "must dismiss" the case action for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**II.     The Court Should Deny Plaintiff's Request For Jurisdictional Discovery.**

Plaintiff also utterly fails to justify any jurisdictional discovery prior to dismissal of this case.  As then-District Judge Ketanji Brown Jackson explained just a few weeks ago:

> [W]hether to permit jurisdictional discovery rests in the discretion of the district court, and [plaintiff] has not come close to demonstrating that such discovery is warranted.  It is clear beyond cavil that [a] plaintiff may not use jurisdictional discovery to

> conduct a fishing expedition in the hopes of discovering some basis of jurisdiction, and it is also well established that a plaintiff seeking jurisdictional discovery must make a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce.

*Capitalkeys, LLC v. Democratic Congo*, 2021 U.S. Dist. LEXIS 103996, at *57-58 (D.D.C. June 3, 2021) (citations and internal marks omitted). Plaintiff likewise has not even come close to demonstrating that jurisdictional discovery is warranted here.

**First**, Plaintiff claims to be interested in "changes" to Allbritton LLC's membership that occurred "during the pendency of this litigation." Opp. at 12. But such changes are immaterial not only as legal matter, because "[c]itizenship is measured as of the time the plaintiff files the complaint," *see CostCommand*, 820 F.3d at 21, but also as a factual matter, because Allbritton LLC's membership consisted of District of Columbia citizens both before and after the "changes" that Plaintiff references, *compare* Dkt. 12-1 at ¶ 1(b), 1(d), 1(e), 1(g), 1(h), 1(l), *with id.* at ¶ 2(b), 2(d), 2(e), 2(f), 2(h), 2(i), 2(n).

Plaintiff also claims that he seeks discovery "to verify" the information that Defendants have provided. *See* Opp. at 12. That, however, is also not sufficient grounds for discovery. *See Roz Trading Ltd. v. Zeromax Grp., Inc.*, 517 F. Supp. 2d 377, 388 (D.D.C. 2007) (denying plaintiff's request for "limited jurisdictional discovery in order to test the jurisdictional assertions raised by [defendant]"); *Nuevos Destinos, LLC v. Peck*, 2019 U.S. Dist. LEXIS 322, at *44-45 (D.D.C. Jan. 2, 2019) (same). Such a request for "verification" is especially baseless here, where a Pacer search by Plaintiff would have revealed that POLITICO LLC filed a Notice of Removal more than two years ago in another defamation lawsuit brought in the U.S. District Court for the Eastern District of Virginia, which likewise identifies POLITICO LLC as a citizen of the District of Columbia (among other jurisdictions). *See* Notice of Removal, *Patel v. POLITICO LLC*, No. 3:19-cv-00879-MHL (E.D. Va. Nov. 26, 2019), Dkt. 1, at ¶¶ 8-9.

**Second**, Plaintiff states that he also "seeks jurisdictional discovery to determine whether . . . the incorporation of Allbritton LLC was intended to frustrate jurisdiction in this matter," because "Allbritton LLC was newly formed on April 7, 2020," and "[a]s alleged in the Complaint, it was Grieve's actions during this time that led to The Protocol and Politico's decision to publish" the challenged news reports. Opp. at 12. In other words, Plaintiff hopes to find evidence that, <u>before Defendants even published the reports at issue</u>, Allbritton LLC was formed so that if Plaintiff should someday sue over news reports that did not yet exist, he could not bring his hypothetical claims in D.C. federal court. To call that a mere fishing expedition would be understatement – it is more like a fishing expedition for the Loch Ness monster.

Finally, Plaintiff insists that the Court should grant his request for jurisdictional discovery because the "standard for permitting jurisdictional discovery is quite liberal." Opp. at 11-12 (citing *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003)). However, the Court also noted that the party seeking discovery "must have at least a good faith belief" that such discovery will advance its jurisdictional arguments. *See Diamond Chem.*, 268 F. Supp. 2d at 15 (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)). Such a good faith belief is lacking here.

Indeed, it is clear that Plaintiff's only motive for seeking jurisdictional discovery is to increase the costs of this litigation for Defendants prior to dismissal. Such a motive is all too common in litigation against the press, and that is why, "[t]o preserve First Amendment freedoms and give reporters . . . the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affs., Inc.*, 856 F.3d 106, 108 (D.C. Cir. 2017). Here, it is the basic principles of

5

subject-matter jurisdiction, not the utter lack of merit, that should compel this Court to "expeditiously weed out" this case rather than allow it to linger any longer on the docket.

## CONCLUSION

For the foregoing reasons and those set forth in their initial motion, Defendants respectfully request that the Court dismiss this case for lack of subject-matter jurisdiction. Defendants further request that the Court deny Plaintiff's motion for jurisdictional discovery.

Dated:  June 28, 2021              Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Chad R. Bowman*
Chad R. Bowman (D.C. Bar No. 484150)
Maxwell S. Mishkin (D.C. Bar No. 1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Defendants*