IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC ROTENBERG, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00903-TSC |
| ) | |
| POLITICO LLC, and ) | Hon. Judge Tanya S. Chutkan |
| PROTOCOL MEDIA, LLC, ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF CROSS MOTION
FOR LEAVE TO TAKE JURISDISCTIONAL DISCOVERY**

In the Motion for Jurisdictional Discovery, Plaintiff provided undisputed authority that "[t]his Circuit's standard for permitting jurisdictional discovery is quite liberal . . . ." *Diamond Chem. Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003). (Dkt. 13 at 11-12.) *Diamond Chemical* followed from this Circuit's opinion in *GTE New Media Servs. v. BellSouth Corp.*, where Chief Judge Edwards wrote "This court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified." 199 F.3d 1343, 1351 (D.C. Cir. 2000).

In opposition, Defendants refer to *Capitalkeys v. Democratic Republic of Congo*, 2021 WL 2255362 (D.D.C. June 3, 2021). *Capitalkeys* concerned a contract dispute with the Governor of the Central Bank of Congo that Judge Brown Jackson resolved on sovereign immunity grounds. *Id.* at *1-2. The Court found that "CapitalKeys has made no attempt to describe any specific information bearing on Governor Masangu's authority that it believes exists; . . ." *Id.* at *18. The Court further found that "jurisdictional discovery is seemingly unnecessary here, because any evidence that could possibly cure the factual deficiencies this Court has identified above would be

1

in the possession of CapitalKeys, not the Central Bank." *Id.* at *19(citation omitted). And the Court determined that "CapitalKeys has not identified any potential evidence not already in its own possession that would justify jurisdictional discovery." *Id*.

*Capitalkeys* (1) concerned sovereign immunity under 28 U.S.C. §1603(a), 1604, and 1605(a) (not diversity jurisdiction under 28 U.S.C. §1332), (2) related to information that was likely in possession of the plaintiff (not the defendant), and (3) involved a plaintiff who "made no attempt to describe any specific information" that would justify jurisdictional discovery (unlike the Plaintiff in this case). *Capitalkeys* is readily distinguishable.

Defendants also cite *Roz Trading Ltd. v. Zeromax Grp., Inc.*, where the court denied the motion for jurisdictional discovery because the plaintiff's "alter ego claims" were unrelated to determining the principal place of business of the defendants. 517 F. Supp. 2d 377, 389 (D.D.C. 2007). In this case, Defendants have already conceded that their principal place of business is Arlington, Virginia. Plaintiff further contends that discovery would help determine whether the Defendants intended to frustrate federal jurisdiction through (1) the formation of Allbritton LLC during the precise period that is central to this case and/or (2) the addition of key members of Defendant Protocol to the Allbritton entity during the pendency of this litigation.

Regarding *Diamond Chemical,* Defendants respond that Plaintiff "must have at least a good faith belief" that such discovery will advance its jurisdictional arguments. 268 F. Supp. at 15. Plaintiff has provided multiple good faith reasons. (Dkt. 13 at 12.) Plaintiff pointed to the fact that the Allbritton entity was newly formed on April 7, 2020, as evidence that Defendants sought to frustrate jurisdiction in this matter. (*Id.* at 12.) A brief examination of the timeline of the fabricated news story, the likely communications with the fired employee, and the record of incorporation reveals that April 7, 2020 was almost the exact date Allbritton LLC would be formed if the intent

was to evade federal jurisdiction. Ross, the source of the Protocol "story," was fired on March 30, 2020, and received her last paycheck on April 15, 2020. The fabricated article appeared in the Protocol on April 16, 2020. Ross almost certainly contacted the journalist at the Protocol upon her termination and the Protocol likely conspired with Ross to both pursue the story and to hold off publication until April 16, 2020. Allbritton LLC was formed on April 7, 2020 (Dkt. 13 at 12 n.2), at almost the exact same time that the Protocol was considering publication of the defamatory article that is the basis of this lawsuit.

Finally, Defendants make the remarkable claim that the Court should deny jurisdictional discovery in this case to "weed out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affs., Inc.*, 856 F.3d 106, 108 (D.C. Cir. 2017). *Kahl* had nothing to do with jurisdictional discovery. But *Kahl* has a lot do with this Circuit's standard for prevailing in a defamation lawsuit. As then-Judge Kavanaugh wrote for this Circuit, "Defamation is the act of making false statements about someone and damaging his or her reputation." *Kahl*, 856 F.3d at 112 (citation omitted). That is the gravamen of this case.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and grant Plaintiff's Cross Motion for Jurisdictional Discovery.

Dated: July 13, 2021                                Respectfully submitted,

                                                              IFRAH PLLC

                                                              By: */s/ Jeff Ifrah*
                                                              A. Jeff Ifrah (D.C. Bar No. 456661)
                                                              E-mail: jeff@ifrahlaw.com
                                                              1717 Pennsylvania Ave., NW, Suite 650
                                                              Washington, D.C. 20006
                                                              Telephone: (202) 524-4140
                                                              Facsimile: (202) 524-4141
                                                              *Attorney for Plaintiff Marc Rotenberg*