IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC ROTENBERG,<br><br>　　　　　　*Plaintiff,*<br><br>v.<br><br>POLITICO LLC, and<br>PROTOCOL MEDIA, LLC<br><br>　　　　　　*Defendants.* | Case No. 1:21-cv-00903-TSC<br><br>Hon. Judge Tanya S. Chutkan |

**REPLY IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

Plaintiff Marc Rotenberg, by and through undersigned counsel, respectfully submits this reply in further support of the Motion for Judicial Notice.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. "The court: . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "Adjudicative facts are simply the facts of the particular case." Notes of Advisory Committee on Rules, Subdivision (a). "A court may take judicial notice of facts 'not subject to reasonable dispute' where those facts are either 'generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *DiBenedetto v. Iranian Ministry of Info. & Sec.,* No. 16-cv-02429, 2019 U.S. Dist. LEXIS 169169, *4 (D.D.C. 2019) (citing Fed. R. Evid. 201(b)).

Plaintiff has supplied the Court with information regarding the sale of Politico to Axel Springer SE. ECF 19-1. Defendants do not dispute the information Plaintiff provided to the Court. ECF 20 at 1.

1

In the Motion to Dismiss, Defendants conceded that the sole member of both Politico and Protocol is headquartered in Arlington County, Virginia, ECF 12-1 at 1, whereas the Plaintiff is a citizen of Washington, DC. Defendants now concede that Politico and Protocol will be sold to a foreign corporation. ECF 20 at 1. The timing and scope of the sale indicates that communications regarding the transaction preceded the filing of Plaintiff's complaint in April 2021. Such communications would be relevant to Plaintiff's Cross-Motion for Jurisdictional Discovery.

This is not "an attempt to supplement an administrative record by means of judicial notice." *Level the Playing Field v. FEC*, 381 F. Supp. 78, 92 (D.D.C. 2019) ("[A] court may only consider an adjudicative fact subject to judicial notice that is not part of the administrative record if it qualifies for supplementation as extra-record.") This is a response to Defendant's Motion to Dismiss in which Defendant presented the issue of federal diversity jurisdiction to this Court. The fact of Defendant's planned sale to a foreign corporation, whether dispositive or not, is relevant to both Defendant's Motions to Dismiss concerning diversity and Plaintiff's Motion for Jurisdictional Discovery.

Plaintiff therefore respectfully requests that this Court grant the Motion for Judicial Notice.

Date:   September 14, 2021                           Respectfully submitted,

                                                     IFRAH PLLC

                                                     By: */s/ Jeff Ifrah*
                                                     A. Jeff Ifrah (D.C. Bar No. 456661)
                                                     Email: jeff@ifrahlaw.com
                                                     1717 Pennsylvania Ave. NW, Ste. 650
                                                     Washington, D.C.  20006
                                                     Telephone: (202) 524-4140
                                                     Fax: (202) 524-4141

                                                     *Attorney for Plaintiff Marc Rotenberg*