UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARC ROTENBERG**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-cv-0903 (TSC) |
| **POLITICO, L.L.C. *et. al.*,** | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Plaintiff Marc Rotenberg brings D.C. common law claims against Defendants Politico L.L.C. and Protocol Media L.L.C. for defamation (Counts I and II), false light invasion of privacy (Count III), public disclosure of private facts (Count IV), and unjust enrichment (Count V). He seeks various forms of injunctive relief, three million dollars payable to himself and several charitable entities, and attorney's fees. Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff opposes Defendants' motion to dismiss and argues in the alternative that the court should grant jurisdictional discovery. Because there is not complete diversity of citizenship between the parties, this court lacks jurisdiction and consequently Defendants' motion to dismiss, ECF No. 12, is GRANTED, and Plaintiff's motion for jurisdictional discovery, ECF No. 13, is DENIED.

On April 2, 2021, Plaintiff filed this action asserting diversity jurisdiction and naming four defendants: Politico, Protocol, Politico's and Protocol's Publisher Robert Allbritton, and Protocol's Executive Editor Tim Grieve. *See* Compl., ECF No. 1 ¶¶ 5–8.

On April 29, 2021, the court *sua sponte* ordered Plaintiff to "file an Amended Complaint that contains the facts necessary for this court to establish jurisdiction." Min. Order, 04/29/2021. On May 5, 2021, Plaintiff voluntarily dismissed Allbritton and Grieve from this action, *see* Notice of Voluntary Dismissal, ECF No. 9 at 1, and filed an Amended Complaint, *see* Am. Compl., ECF No. 10. Alleging the same five claims, Plaintiff again asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, claiming that he is a resident of D.C. and that Politico and Protocol are both incorporated in Delaware and have their principal places of business in Arlington County, Virginia. *See* Am. Compl. ¶¶ 1, 4–6.

When considering a motion to dismiss under Rule 12(b)(1) the court must "accept all of the factual allegations in the complaint as true," but it "may consider materials outside the pleadings." *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal punctuation and citations omitted).

Federal courts have limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court has subject-matter jurisdiction when the parties are diverse in citizenship and the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). For diversity jurisdiction to exist, no plaintiff may share state citizenship with any defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

It is well established that corporate citizenship is limited to corporations, and the citizenship of other entities, including limited liability corporations ("LLCs"), "depends on the citizenship of 'all the members.'"  *Carden*, 494 U.S. at 195; *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016) (holding that the citizenship of a real estate investment trust is determined by the citizenship of its members because it is not a corporation); *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) ("Unincorporated associations, including LLCs, have the citizenship of each of their members." (citing *Americold Realty Trust*, 577 U.S. at 382 (2016)).  When the sole member of an LLC is another LLC, "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC" in question.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); *LaRoach v. Bridgepoint Healthcare, LLC*, No. 18-cv-1096 (CRC), 2018 U.S. Dist. LEXIS 206541, at *3–4 (D.D.C. Dec. 7, 2018).

Defendants argue that the court lacks subject matter jurisdiction because Plaintiff "fails to establish complete diversity among the parties to this case." Defs.' Mot., ECF No. 12 at 3.  They proffer that Politico and Protocol are LLCs, and the sole member of each is Allbritton LLC.  *See* First Decl. of Liu, ECF No. 12-1 ¶ 1; Second Decl. of Liu, ECF No. 12-2 ¶ 1.  As of May 5, 2021, six members of Allbritton LLC were D.C. residents.  *See* First Decl. of Liu ECF, No. 12-1 ¶¶ 1(b), (d), (e), (g), (h), (l); Second Decl. of Liu, ECF No. 12-2 ¶¶ 1(b), (d), (e), (g), (h), (l).

Because Plaintiff and Defendants are both citizens of D.C., complete diversity does not exist among the parties, and this action cannot proceed under 28 U.S.C. § 1332.  *See LaRoach*, 2018 U.S. Dist. LEXIS 206541, at *8 (dismissing an action for lack of subject matter jurisdiction

where plaintiff and defendant LLC were citizens of the same state); *CostCommand, LLC*, 820 F.3d at 21.

Plaintiff's arguments to the contrary are unavailing. First, Plaintiff is incorrect inso far as he claims that the rule for determining the citizenship of a corporation also applies to LLCs, or that the court can look "only to the membership of the "named party." Pl.'s Opp'n and Mot., ECF No. 13 at 5–6. As the court has explained, the determination of an LLC's citizenship is based on the "citizenship of each of their members." *CostCommand, LLC*, 820 F.3d at 21. Second, every case upon which Plaintiff relies to support the proposition that the court need not consider the citizenship of all members of an LLC to determine the citizenship of the LLC, actually agrees that the appropriate rule for determining the citizenship of an LLC is exactly as the court has stated it. *See* Pl.'s Opp'n and Mot. at 5–8 (citing *Cost Command LLC*, 820 F.3d at 21; *Americold Realty Trust*, 577 U.S. at 381–82; *Carden*, 494 U.S. at 195; *LaRoach, LLC*, 2018 U.S. Dist. LEXIS 206541 at *1; *Krapes v. Equus Kan. Realty, LLC*, No. 11-2696-JAR-JPO 2012 U.S. Dist. LEXIS 74233 at *1 (D. Kan. May 30, 2012)). Third, Plaintiff's reliance on Judge Ambro's concurrence in *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3rd Cir. 2015) and Justice O'Connor's dissent in *Carden*, 494 U.S. at 208, *see* Pl.'s Opp'n and Mot. at 9–10— cases in which both jurists expressed a preference for applying the corporation citizenship rule to other entities—does not provide this court leeway to contravene established precedent.

In an effort to salvage jurisdiction, Plaintiff requests that the court permit jurisdictional discovery, contending that "the leadership of Protocol were added as members of Allbritton LLC, after the initiation of the case," and "Allbritton LLC was formed at the time of the events that gave rise to this litigation." Pl.'s Opp'n and Mot. at 12. Plaintiff asks the court to continue exercising jurisdiction so Plaintiff may investigate "whether the timing of the addition of these

members and the incorporation of Allbritton LLC was intended to frustrate jurisdiction in this matter." *Id*. But even if the membership of the LLCs was changed to negate federal jurisdiction in this case, Plaintiff has not cited any authority demonstrating why that fact would allow the court to then exercise jurisdiction. Accordingly, the court will not grant Plaintiff's request for jurisdictional discovery. *See Mwani v. bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005) (affirming the district court's denial of jurisdictional discovery where the facts plaintiff sought to discover could not change the jurisdictional analysis).

For the reasons herein addressed, Defendants' motion to dismiss, ECF No. 12, is GRANTED, and Plaintiff's motion for jurisdictional discovery, ECF No. 13, is DENIED.

Date: March 8, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge